## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHERYL A. TAYLOR MOYE,

    Plaintiff,

    v.

                            Civil Action No. TDC-14-2714

AVIS BUDGET GROUP,

    Defendant.

### MEMORANDUM OPINION

This matter is before the Court on a Motion to Dismiss filed by Defendant Avis Budget Group ("Avis"). ECF No. 21. The issue before the Court is whether Plaintiff Cheryl A. Taylor Moye ("Taylor Moye") has sufficiently stated a claim entitling her to relief. The Court has reviewed the pleadings and briefs and heard oral argument on January 23, 2015. For the following reasons, the Motion is GRANTED.

### BACKGROUND

On March 5, 2014, Taylor Moye, a Maryland resident proceeding *pro se*, filed suit in the Circuit Court for Prince George's County, Maryland, alleging that Avis, a rental car company that self-insures its own vehicles, engaged in bad faith settlement practices with her after she was injured in a November 3, 2012 collision with a driver who was driving an Avis rental car. *See* Compl., ECF No. 1. On June 20, 2014, the state court granted a motion to dismiss for ineffective service and failure to state a claim, but granted Taylor Moye leave to amend her complaint. *See* Order (Prince George's Cnty. Cir. Ct.), ECF No. 10. On July 23, 2014, Taylor Moye filed her Amended Complaint, alleging additional facts and adding a claim for libel, *see* Am. Compl.,

ECF No. 11, and had it properly served on Avis on August 4, 2014.  Notice Removal ¶ 9, ECF No. 1.  Avis removed the case to this Court on the basis of diversity jurisdiction on August 25, 2014.  *Id.*

In the Amended Complaint, Taylor Moye seeks "relief for an injury, and restitution for a breach of contract, pain and suffering, and libel experienced as a result of a life[-]altering injury" that she sustained during the November 3, 2012 accident.  Am. Compl. at 1.  Taylor Moye also alleges that Avis "refused to settle this claim although liability was clearly established."  *Id.* Specifically, Taylor Moye alleges that sometime after April 2013, Avis made an initial settlement offer of $5,000, which Taylor Moye declined.  *Id.* at 1-2 ¶ 2.  Taylor Moye alleges that when she made her own settlement offer, Avis "refused to proceed with the settlement and continually indicated for several months [that] the claim was being further investigated," and made "repetitious requests for information and documentation . . . [that] became very stressful and counterproductive toward [her] recovery."  *Id.* at 1-2 ¶¶ 2-3.

Taylor Moye further alleges that she eventually obtained a representative with "limited power of attorney" to complete the settlement process on her behalf, and that Avis "libeled [her] and made false accusations" to her representative regarding her "being involved in an additional automobile accident" after November 3, 2012 and accused her of "knowing the driver of the other vehicle in an effort to insinuate that [she] arranged the automobile accident."  *Id.* at 2 ¶ 3. Taylor Moye seeks monetary relief in the sum of $2.5 million for physical injury and pain and suffering and an order mandating that Avis "enforce all legally binding contracts" and comply with Maryland insurance settlement laws.  *Id.* at 3.  On September 2, 2014, Avis filed the present Motion to Dismiss, arguing that Taylor Moye has failed to state sufficiently a cause of action

against Avis and requesting that the Court dismiss all of Taylor Moye's claims.  Mot. Dismiss at 8.

## DISCUSSION

### I.  Legal Standard

In order to defeat a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible when "the plaintiff pleads *factual content* that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (emphasis added).  In assessing whether this standard has been met, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff.  *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).  Notably, "a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted).  However, legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth.  *Iqbal*, 556 U.S. at 678.

### II.  Motion to Dismiss for Failure to State a Claim

Construed liberally, the Amended Complaint alleges the following causes of action: (1) negligence; (2) bad faith failure to settle a claim, in violation of the Maryland Unfair Claim Settlement Practices Act or tort law; (3) breach of contract; and (4) libel.  After Avis asserted in its Motion that the libel claim is barred by Maryland's one-year statute of limitations, Mot. at 7-8

3

(*citing* Md. Code. Ann., Cts. & Jud. Proc. § 5-105 (West 2014)), Taylor Moye withdrew that claim by stating in her Opposition to the Motion to Dismiss, "I accept and subject my claim for libel to the statute of limitations and request redaction from my Amended Complaint filed July 24, 2014." Opp. Mot. Dismiss at 2, ECF No. 23. For the reasons set forth below, the remaining claims fail to state a claim upon which relief can be granted and are therefore dismissed.

### A.  Negligence

In the Amended Complaint, Taylor Moye pleads "relief for an injury," including "pain and suffering . . . experienced as a result of a life altering injury sustained in an automobile accident on November 3, 2012," and requests "[m]onetary relief in the sum of Two Million, Five Hundred Thousand Dollars, ($2,500,00) for a life altering injury and for the pain and suffering which continues with the possibility of a life-long injury." Am. Compl. at 1, 4. To the extent that this is an attempt to plead a negligence claim under a theory of vicarious liability for the driver's conduct, such a claim is barred by the Graves Amendment. This federal statute provides that:

> An owner of a motor vehicle that rents or leases the vehicle to a person . . . shall not be liable under the law of any State . . . by reason of being the owner of the vehicle . . . for harm to persons or property that results or arises out of the use, operation or possession of the vehicle during the period of the rental or lease if:
>
> (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a) (2012). Here, Avis is a rental car company engaged in the business of renting motor vehicles, and the Amended Complaint contains no allegations of Avis's direct negligence or criminal wrongdoing in the November 3, 2012 car accident. Therefore, although Taylor Moye presumably could bring a negligence action against the driver, she is not permitted

to plead that Avis was negligent under a theory of vicarious liability. *See Kelsey v. Hirano*, No. WDQ-08-1041, 2009 WL 2151845, at *2-3 (D. Md. July 15, 2009) (dismissing negligence claims against a car rental company as barred by the Graves Amendment where the complaint did not allege that any negligence by the company led to the accident).

Notably, the state court, in considering Avis's first motion to dismiss Taylor Moye's initial complaint, reached the same conclusion regarding any claim for negligence and granted Taylor Moye leave to amend her claims. Order (Prince George's Cnty Cir. Ct.) at 2-3. Given this opportunity, Taylor Moye still did not include in her Amended Complaint any factual allegations regarding negligence by Avis itself. Accordingly, the Court concludes that there is no basis to support a claim that Avis was directly negligent, such that additional opportunities to amend on this issue would be futile. *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630-31 (4th Cir. 2008) (explaining that a district court may dismiss a complaint with prejudice where it is clear that amendment would be futile). The negligence claim is therefore dismissed with prejudice.

## B.    Bad Faith Failure to Settle Claim

Taylor Moye alleges that Avis's initial settlement offer of $5,000, its refusal of her counteroffer of an unspecified amount, and its repeated requests for information and documentation constitute a bad faith failure to settle. *See* Am. Compl. at 1-2 ¶¶ 2-3. Although it is not entirely clear on the face of the Amended Complaint, Taylor Moye appears to allege that this failure to settle establishes a cause of action under the Maryland Unfair Claim Settlement Practices Act, Md. Code Ann., Ins. §§ 27-301–306, or on the basis of tort, or both.

The Unfair Claim Settlement Practices Act prohibits an insurer from failing to act in good faith solely with respect to settling *first-party* claims. Md. Code Ann., Ins. § 27-303(9).

5

Furthermore, the statute provides for only administrative remedies, to be received through the Maryland Insurance Administration ("MIA").  Md. Code Ann., Ins. § 27-301; *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 475-76 (4th Cir. 2001) ("[F]ederal courts simply have no license to upend Maryland's decision to resolve this sort of insurance complaint administratively.").  At the hearing, Taylor Moye explained that she had unsuccessfully filed a complaint with the MIA prior to filing the present suit.  Hearing on Motion to Dismiss, *Taylor Moye v. Avis Budget Group*, No. 14-cv-2714-TDC, at 10:36:11 a.m. (D. Md. Jan. 23, 2015).  To the extent that Taylor Moye seeks review of that determination, any available appeal would need to be brought in Maryland Circuit Court in accordance with Md. Code Ann., Ins. §§ 27-306 and 2-215.  Accordingly, any claim brought under the provisions of the Unfair Claims Settlement Practices Act is not properly before the Court and is dismissed with prejudice.

The Court also dismisses any bad faith claim sounding in tort, as such a claim may also only be brought by a first-party claimant.  Maryland law recognizes a tort cause of action only *by an insured party* where an insurer refuses in bad faith to settle a third-party's claim against the insured.  *Mesmer v. Md. Auto. Ins. Fund*, 725 A.2d 1053, 1061-62 (Md. 1999).  The basis for the insurer's tort duty to the insured arises from the insurer's "exclusive control" of "settlement and defense of any claim or suit against the insured," such that "there is a potential, if not actual, conflict of interest giving rise to a fiduciary duty."  *Id.* at 1063 (quoting *Sweeten v. Nat'l Mut. Ins. Co. of D.C.*, 194 A.2d 817, 818 (Md. 1963)).  In this case, however, Taylor Moye is a third-party claimant, to whom the insurer owes no such tort duty.  *See King v. Gov't Emps. Ins. Co.*, 843 F. Supp. 56, 57 (D. Md. 1994) (applying Maryland law to determine that a third party may not bring a bad faith tort claim against an insurer).  Therefore, the Court dismisses with prejudice any tort claim against Avis alleging a bad faith failure to settle.

6

## C.   Breach of Contract

Avis further argues that Taylor Moye has failed to state a claim for breach of contract. Under Maryland law, in order to sustain a breach of contract claim, "a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001). Taylor Moye appears to allege that Avis breached a Supplemental Liability Insurance (SLI) agreement, which she alleges is a "legally binding contract used in the State of Maryland for which [Avis] is paid a fee by its renters to obligate indemnification in the sum of between One Million to Two Million Dollars to injured parties in automobile accidents where liability is established by its renters, for the protection of its renters." Am. Compl. at 2 ¶ 5. These allegations acknowledge that the agreement is between Avis and its renters, and that Taylor Moye is not a party to a contract with Avis. Avis argues that Taylor Moye's breach of contract claim must be dismissed because Taylor Moye has failed to allege that a contract existed between Avis and Taylor Moye.

Taylor Moye nevertheless argues she is a third-party beneficiary of the agreement between Avis and its renters and is therefore entitled to bring the breach of contract claim. *See* Opp. Mot. Dismiss at 2 ¶ 2. Under Maryland law, however, in order for a party to recover for breach of contract as a third-party beneficiary, "it must clearly appear" that the parties to the contract intended to "recognize [the third party] as the primary party in interest and as privy to the promise." *Shillman v. Hobstetter*, 241 A.2d 570, 575 (Md. 1968). "[I]t is not enough that the contract may operate to [the third party's] benefit." *Id.* (internal citation and quotation marks omitted). Such an incidental beneficiary, "who benefits from the contract although the benefit was not specifically intended or planned by the contracting parties, has no rights against the promisor or the promisee." *Id.*

In this case, Taylor Moye does not allege that the SLI agreement was expressly made for her benefit or for the benefit of other potential tort victims, thereby making her an intended beneficiary. In fact, the text of the SLI agreement, which Taylor Moye has attached to her Opposition to the Motion to Dismiss,[1] states only that it is intended to "protect[] all authorized drivers of the rental vehicle against third-party bodily injury and property-damage claims" and makes no mention of benefiting or protecting others. Opp. Mot. Dismiss, Ex. 5 at 2, ECF No. 23. Thus, Taylor Moye is not an intended third-party beneficiary of the agreement between Avis and the driver of the rental car. *Cf. Parlette v. Parlette*, 596 A.2d 665, 699-70 (Md. Ct. Spec. App. 1991) (holding that the insured's mother had properly alleged that she was an intended beneficiary of his life insurance policy because the insured had been promised that his mother's name would be listed as the "designated beneficiary").

Rather, the SLI agreement is designed to benefit the driver who rented the Avis vehicle, not a third-party claimant such as Taylor Moye. Presumably, if Taylor Moye had brought a negligence action against the driver of the vehicle, the driver could receive the benefit of the agreement by asserting a third-party claim against Avis to enforce the terms of the contract and require Avis to pay, up to the value of the policy, any judgment against the driver. Because the Amended Complaint is against Avis, however, Taylor Moye fails to state a claim for breach of contract.

---

[1] A court may consider extrinsic evidence in determining whether to dismiss the complaint if the document was integral to and explicitly relied on in the complaint and the plaintiff does not challenge the authenticity of the document. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Although Taylor Moye failed to attach the SLI Agreement to her Amended Complaint, the Court may consider it here because Taylor Moye explicitly relies on it in her Amended Complaint, *see* Am. Compl. at 2 ¶ 5, and has offered it as the authentic document by attaching it to her Opposition to Avis's Motion to Dismiss.

### D.   Personal Injury Protection Under the Maryland Insurance Code

In her Opposition to the Motion to Dismiss, Taylor Moye, for the first time, appears to argue that she is entitled to relief under §§ 19-505(a)(3) and 19-513(c) of the Maryland Insurance Code. Opp. Mot. Dismiss at 2 ¶ 2. The proper avenue for asserting new claims is not in a response to a motion to dismiss, but by amending the pleadings. *See* Fed. R. Civ. P. 15. Because these claims have not been alleged anywhere in the pleadings, the Court need not consider them here. *See Freilich v. Bd. of Dirs. of Upper Chesapeake Health, Inc.*, 142 F. Supp. 2d 679, 691 n.7 (D. Md. 2001) (explaining that the court will not consider a new claim raised in response to a motion to dismiss in absence of amended complaint), *aff'd*, 313 F.3d 205 (4th Cir. 2002).

However, even if the claims were properly before the Court, the Court would dismiss them. The referenced provisions of the Maryland Insurance Code apply to individuals who are in an accident involving an insured motor vehicle where an individual is injured "while occupying the insured motor vehicle," "as a pedestrian," or "while in, on, or alighting from a vehicle that is operated by animal or muscular power." Md. Code Ann., Ins. §§ 19-505(a)(3), 19-513(c) (West 2014). Because at the time of the accident, Taylor Moye was in her own vehicle, not the Avis-owned vehicle, and was neither a pedestrian nor on a bicycle or other vehicle operated by animal or muscular power, any cause of action that might arise from these provisions of the Maryland Insurance Code is not available to Taylor Moye. Accordingly, this claim is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is GRANTED and the claims are dismissed with prejudice, such that no amended claims will be permitted. A separate Order follows.

Date: January 27, 2015

THEODORE D. CHUANG
United States District Judge